## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|                                      |     |                           |
|--------------------------------------|-----|---------------------------|
| ROMNEY OSBORNE,                      | )   |                           |
|                                      | )   |                           |
| Plaintiff,                           | )   |                           |
|                                      | )   |                           |
| vs.                                  | )   | Case No. 2:18-cv-00662-JHE |
|                                      | )   |                           |
| COMMISSIONER OF SOCIAL               | )   |                           |
| SECURITY ADMINISTRATION,             | )   |                           |
|                                      | )   |                           |
| Defendant.                           | )   |                           |

## MEMORANDUM OPINION[1]

Plaintiff Romney Osborne ("Osborne") seeks review, pursuant to 42 U.S.C. § 405(g), §

205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying his application for a period of disability, disability

insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). Osborne timely

pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42

U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the

reasons stated below, the Commissioner's decision is **AFFIRMED**.

## I. Factual and Procedural History

Osborne was fifty-four-years-old at the time of the Administrative Law Judge's ("ALJ")

decision, and he has a high school education. (Tr. at 167, 23). His past relevant work experience

includes work as a cemetery worker, sprinkler system installer, and factory worker. (Tr. at 59).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil
Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge
conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

Osborne claims that he became disabled on February 1, 2014, due to gout, hypertension, diabetes, and high cholesterol. (Tr. at 165, 218).

On October 22, 2014, Osborne filed applications for a period of disability, DIB, and SSI. (Tr. 165-75). The Agency initially denied Osborne's applications (tr. 87-96), and the Administrative Law Judge ("ALJ") held a hearing in November 2016 (tr. 41-64). The ALJ issued a decision on February 16, 2017, finding Osborne not disabled. (Tr. 13-30). The Appeals Council granted review of the ALJ's decision, and, on April 11, 2018, issued the Commissioner's final decision, finding Osborne not disabled between February 1, 2014, and the date of the ALJ's decision, February 16, 2017. (Tr. 1-10).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However, the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

(2)    whether the claimant has a severe impairment;

(3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)    whether the claimant can perform his or her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

# IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Osborne meets the insured status requirements of the Social Security Act through March 31, 2017, and that Osborne had not engaged in substantial gainful activity since February 1, 2014, the alleged onset date. (Tr. 19). At Step Two, the ALJ found Osborne has the following severe impairments: diabetes, gout, chronic low back pain, and left knee arthritis. (*Id.*). At Step Three, the ALJ found Osborne did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

Before proceeding to Step Four, the ALJ determined Osborne's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. See 20 C.F.R. § 404.1545(a)(1). The ALJ determined that, Osborne had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), which allows occasional stooping and crouching, no climbing, no work around unprotected heights, and no driving. (Tr. 19-22).

At Step Four, the ALJ determined Osborne is unable to perform any past relevant work. (Tr. 22-23). At Step Five, the ALJ determined, based on Osborne's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Osborne could perform. (Tr. 23-24). Therefore, the ALJ determined Osborne has not been under a disability and denied Jones' claim. (Tr. 24).

Osborne appealed the ALJ's decision to the Appeals Council, and the Appeals Council provided Osborne an opportunity to submit additional evidence or statements. (Tr. at 4). On

April 11, 2018, the Appeals Council issued the Commissioner's final decision, adopting the ALJ's

conclusion that Osborne was not disabled, but rejecting some of the ALJ's findings.[4]  (Tr. at 4-8).

Specifically, the Appeals Council rejected the ALJ's conclusion that Osborne's failure to follow

prescribed treatment caused his gout, blood sugar, and blood pressure to be uncontrolled, and the

ALJ's determination that Osborne's alcohol and/or drug use was relevant to the denial of benefits.

(Tr. at 5, 7).  The Appeals Council noted that non-compliance with recommended treatments and

the existence of drug or alcohol abuse become relevant to the conclusion only where the claimant

is otherwise deemed to be disabled.  (*Id.*)  The Appeals Council further noted that the ALJ had

failed to consider Osborne's obesity; however, considering the objective medical records showing

a "normal gait," the Appeals Council determined that, even considering obesity, Osborne still

could perform the light work described by the ALJ.  (Tr. at 5).  Accordingly, the Appeals Council

concurred with the ALJ's finding that Osborne was not disabled from the alleged onset date until

the date of the ALJ's decision.  (Tr. at 6).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported

by substantial evidence or because improper legal standards were applied, "[t]his does not relieve

the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial

evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court,

---

[4] Osborne's counsel erroneously asserts that the Appeals Council denied review.  (Doc. 10 at 3).  Accordingly, some parts of Osborne's brief are not applicable to the final decision at issue.  For example, the brief argues at length that the ALJ erred in considering Osborne's noncompliance with medical treatment and his use of drugs and/or alcohol (doc. 10 at 6-7), but the court need not reexamine those issues.

however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Osborne failed to demonstrate a disability, and the ALJ/Appeals Council applied the proper standards to reach this conclusion. Osborne alleges the ALJ's decision should be reversed and remanded because the ALJ improperly evaluated the credibility of the plaintiff's complaints of pain. (Doc. 10 at 4). Osborne points out that the Social Security Administration's standard for assessing subjective complaints of pain in this case are governed by SSR 16-3. (*Id.*). The Commissioner has responded that the ALJ's evaluation of Osborne's subjective allegations of pain was supported by substantial evidence and was in accord with the prevailing legal principles. (Doc. 11).

The purpose of SSR 16-3p, effective March 28, 2016, was to eliminate the use of the term "credibility" and clarify that subjective symptom evaluation is not an examination of an individual's character. The ALJ in this case did not attack or even comment on Osborne's credibility, but made a determination regarding whether Osborne's subjective statements describing his pain and limitations were supported by objective medical records and other evidence in the record. Osborne asserts that the ALJ failed to "make specific findings" in accordance with SSR 16-3p's provision that the decision must "contain specific reasons for the weight given to the individual's symptoms," and must "be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."

The Eleventh Circuit Court of Appeals has held that an ALJ must "clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). Such a determination is not permitted to be a "broad rejection"

that would demonstrate to the court that the ALJ did not consider the claimant's medical condition as a whole. *Dyer*, 395 at 1211 (quoting *Foote*, 67 F.3d at 1561). An ALJ has "wide latitude as a finder of fact" to evaluate such, but that evaluation must rest on a "clear articulation" of the relevant facts and the governing law. *See Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984).

In this case the ALJ found (a finding the Appeals Council adopted) that Osborne's medically determinable impairments could reasonably be expected to produce the alleged symptoms. Although the Appeals Council rejected the ALJ's reliance on noncompliance with his prescribed medications and his use of drugs and alcohol, the Appeals Council nevertheless agreed that the ALJ had properly evaluated Osborne's pain allegations. The ALJ provided specific reasons for his conclusion that the allegations were not consistent with the medical evidence. Specifically, the ALJ pointed to Osborne's testimony that he required a cane to walk, but noted that no doctor had ever prescribed the use of a cane or any other assistive device, and that doctors had documented a normal gait. (Tr. at 22). As the Commissioner points out, the regulations require medical documentation as to the need for a hand-held assistive device. (Doc. 11 at 9) (citing SSR 96-9p, 1996 WL 374185 at *7 (July 2, 1996)). Thus, the ALJ's conclusion that the Osborne's ability to ambulate was not as limited as he alleged was supported by the documented medical evidence. The ALJ also noted that Osborne had reported to a doctor that he had "started working in a warehouse" in September 2014, just before the alleged onset date. Even though Osborne alleged the work had caused him pain in his feet and back, his statement that he had worked is evidence that his limitations may not be as severe as alleged. (Tr. at 22). The ALJ also pointed out that Osborne's report to his doctor that his gout flared about every two months was inconsistent with his testimony at the hearing that his gout flared every two weeks, and that he sought medical treatment for the flares on a less consistent basis than his testimony suggested. (Tr.

at 22). Finally, the ALJ also considered Osborne's function report concerning activities of daily living, in which Osborne noted his ability to provide his own personal care, fix simple meals, drive (although he said he does not drive) and go out alone as support for his conclusion about the Osborne's allegations of pain and limitations. (*Id.*). The ALJ noted that the function report did not indicate any problems with walking, sitting, or kneeling. (*Id.*). The ALJ's clear articulation of reasons for finding that Osborne's allegations of pain and limitations were not supported by the record demonstrates there was substantial evidence to support the ALJ's determination.

Applying the regulation set forth in SSR 16-3p to preclude the ALJ from relying on such evidence would hamstring ALJs who must evaluate pain and subjective complaints, and would lead to the result that an ALJ would have to render a finding of disability for any plaintiff who testified at the hearing that his or her pain, arising from a condition that was documented in the objective evidence, was disabling. It is clear that such a result was not intended by SSR 16-3p, and that ALJs must be able to evaluate subjective descriptions of his or her pain and limitations.

The ALJ articulated explicit and adequate reasons for deeming Osborne's allegations inconsistent with the medical record and the other evidence. Accordingly, the decision is supported by substantial evidence and is in accord with the governing legal standards.

## VI. Conclusion

Upon review of the administrative record, and considering all of Osborne's arguments, the Court finds that the case is due to be and hereby is **AFFIRMED**. A separate order will be entered.

DONE this 12th day of September, 2019

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE